UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11531-RGS

ROBERTO RODRIGUEZ

v.

JETBLUE AIRWAYS CORPORATION

MEMORANDUM AND ORDER ON DEFENDANT'S
PARTIAL MOTION TO DISMISS

December 20, 2012

STEARNS, D.J.

Defendant JetBlue Airways Corporation (JetBlue) moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss portions of plaintiff Roberto Rodriguez's disability discrimination Complaint because of his alleged failure to exhaust administrative remedies. For the reasons set forth below, the motion will be granted in part and denied in part.

BACKGROUND

The following facts are drawn from the allegations set out in the Complaint and from official administrative records supplied by the parties without objection. *See San Geronimo Caribe Project, Inc. v. Acevedo-Vila*, 687 F.3d 465, 471 n.2 (1st Cir. 2012) (allowing consideration of "'documents the authenticity of which are not disputed by the parties; for official records; for documents central to plaintiffs' claim;

or for documents sufficiently referred to in the complaint.'" (quoting *Parker v. Hurley*, 514 F.3d 87, 90 n.1 (1st Cir. 2008))).

Rodriguez, a former Boston-based inflight JetBlue crew member, was terminated in October of 2011 after he was allegedly unable to retake an alcohol Breathalyzer test because of an epileptic seizure. On November 8, 2011, Rodriguez, with the assistance of an attorney, filed a notice of charge of discrimination with the Florida Commission on Human Relations (FCHR) and the federal Equal Employment Opportunity Commission (EEOC), which subsequently transferred the claim to its Massachusetts office for review and investigation. The notice alleged that Rodriguez was discriminated against because of his disability, the box for "other" as the cause of discrimination having been checked and "disability" having been specified. The box for "retaliation" was not checked.

> The body of the charge provided:
>
> The Charging Party, Roberto Rodriguez ("RODRIGUEZ"), was formerly employed as a flight attendant for the Respondent; and because he suffers from epilepsy; he is a "qualified individual with a disability," under the Americans With Disabilities Act and the Florida Civil Rights Act. RODRIGUEZ was capable of performing the essential functions of his position.
>
> On or about October 13, 2011, the Respondent, Jet Blue Airways Corporation ("JET BLUE"), subjected Charging Party to a test, upon suspicion of the use of alcohol. However, after the initial test, RODRIGUEZ suffered an epileptic seizure. Contrary to the disciplinary

2

> October 13, 2011 memorandum, RODRIGUEZ did not refuse a confirmation test; he was unable to take a confirmation test based on his disability.
>
> Respondent discriminated against RODRIGUEZ, based on his disability, due to management's failure to permit the taking of a confirmation test, under circumstances indicating that the intentional failure was motivated by discriminatory *animus*. The termination of the Charging Party, implemented subsequent to the issuance of the disciplinary memorandum, was undertaken based upon his status as a "qualified individual with a disability," in violation of both the Americans with Disabilities Act of 1990, 42 U.S.C. [§]1201, et seq., and the Florida Civil Rights Act of 1992, *Fla. Stat.* [§] 760.10, *et seq.*

Pl.'s Ex. A. (emphases in original).

On May 14, 2012, JetBlue filed a position statement with the EEOC in which it requested that Rodriguez's charge be dismissed. "[U]nable to conclude that the information obtained establishes violations of the statutes," the EEOC complied, issuing a notice of dismissal and right to sue on May 22, 2012. Pl.'s Ex. C.

The instant Complaint, filed on August 17, 2012, contains six counts, two of which are the subject of the present motion. In Count II, Rodriguez claims that JetBlue's actions constituted discrimination on the basis of disability and retaliation in violation of Mass. Gen. Laws ch. 151B. In Count III, Rodriguez alleges that the same actions constituted discrimination and retaliation in violation of Fla. Stat. § 760.10.

## DISCUSSION

JetBlue has moved to dismiss Count II in its entirety and Count III insofar as it asserts a claim of retaliation, on the ground that Rodriguez failed to exhaust his administrative remedies with respect to these claims. As a predicate to bringing a civil action in court, the Massachusetts anti-discrimination law requires a complainant to first file an administrative charge setting forth the claim and its factual basis. *See* Mass. Gen. Laws ch. 151B, § 5. "The purpose of mandatory submission to the [administrative] process is to provide notice to the prospective defendant and to encourage conciliation and settlement of disputes." *Fant v. New England Power Serv. Co.*, 239 F.3d 8, 11 (1st Cir. 2001). In order for the exhaustion requirement to fulfill this purpose, the scope of subsequent court proceedings is limited by the charge filed with the administrative agency and the breadth of the investigation that can reasonably be expected as a result. *See Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996). Failure to adequately set forth a claim at the agency level warrants dismissal for lack of jurisdiction. *See id.*

In the court's view, defendant's jurisdictional challenge to Rodriguez's discrimination claim under Mass. Gen. Laws ch. 151B claim is misplaced. It is undisputed that Rodriguez did not expressly invoke Mass Gen. Laws ch. 151B in his notice of charge with the EEOC or seek to file an amended charge upon transfer of his claim from Florida to Massachusetts. It is clear from his invocation of the Florida

Civil Rights Act, however, that Rodriguez sought to avail himself of the protections of not only the ADA, but also its applicable state law analog, whatever state might supply it. Rodriguez's discrimination claim under Massachusetts law, predicated on the same facts as his Florida law claim, was therefore adequately noticed and will not be dismissed.[1]

Rodriguez's retaliation claims stand on a different footing. In arguing that he properly pled these claims in the notice of charge, despite not having checked the box for retaliation on the charge form, or having expressly alleged retaliation in the body of the charge, Rodriguez emphasizes that "the exact wording of the charge of discrimination need not presage with literary exactitude the judicial pleadings which may follow." *White v. New Hampshire Dep't of Corr*s., 221 F.3d 254, 263 (1st Cir. 2000), quoting *Powers v. Grinnell Corp.*, 915 F.2d 34, 38 (1st Cir. 1990). To be sure, the First Circuit has held that certain "retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency – e.g., the retaliation is for filing the agency complaint itself." *Clockedile v. New Hampshire Dep't of Corr*s., 245 F.3d 1, 6 (1st Cir. 2001). As has

---

[1] JetBlue's argument to the contrary is particularly puzzling in light of its acknowledgment that pursuant to the worksharing agreement between the EEOC and the Massachusetts Commission Against Discrimination (MCAD), the filing of the charge of discrimination with the EEOC constructively initiated a claim before MCAD. *See Davis v. Lucent Techs., Inc.*, 251 F.3d 227, 231 n.1 (1st Cir. 2001).

been previously observed by another session of this court, however, the First Circuit in *Clockedile* "was concerned with retaliatory conduct that arises *after*, if not as a result of, an employee's invocation of the EEOC process." *Kenney v. MML Investors Servs., Inc.*, 266 F. Supp. 2d 239, 245-246 (D. Mass. 2003).  Here, in contrast, Rodriguez's retaliation claims concern events that took place prior to his termination and which were in no way connected to his filing of the administrative charge.  *See id.* at 246.

Rodriguez has further compounded the error by failing to properly plead retaliation claims before this court.  Attempting to fit a square peg into a round hole, Rodriguez recasts his alleged inability to take the confirmatory Breathalyzer test as a "request for an accommodation" and contends that he was terminated in retaliation for making this request.  This "retaliation" claim, however, is subsumed in the underlying discrimination claim:

> Termination of a qualified handicapped employee who requires reasonable accommodation is substantive discrimination on the basis of handicap.  Relabeling it as a form of "retaliation" does not make it a retaliation claim under G.L.c. 151B, 4(4). That subsection of the statute prohibits discrimination against any person "because he has opposed any practices forbidden under this chapter or because he has filed a complaint, testified or assisted in any proceeding under Section five." An employee's request for reasonable accommodation of her handicap is not the equivalent of "opposing any practices forbidden" by c[h]. 151B. . . .  There is no reason to read 4(4) in a way that would automatically make every handicap discrimination case a case of

retaliation.

*Cullinane v. Massachusetts Inst. Tech.*, 1997 Mass. Super. LEXIS 120 (Mass. Super. Ct. 1997). Rodriguez's state retaliation claims therefore fail as a matter of law, as do any federal retaliation claims implicitly asserted in his Complaint.

## ORDER

For the foregoing reasons, JetBlue's motion to dismiss is <u>GRANTED</u> as to the retaliation claims set out in Counts II and III. The motion is otherwise <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE