UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11531-RGS

ROBERTO RODRIGUEZ

v.

JETBLUE AIRWAYS CORP.

ORDER ON DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S
PRODUCTION OF DISCOVERY

February 3, 2014

STEARNS, D.J.

Defendant JetBlue Airways Corp. (JetBlue) seeks to compel plaintiff Roberto Rodriguez to respond to various discovery requests. Rodriguez filed an opposition to JetBlue's motion on January 31, 2014.

BACKGROUND

Rodriguez, a former Boston-based inflight JetBlue crew member, was terminated in October of 2011, after he allegedly tested positive during an alcohol Breathalyzer test on the morning of October 13, 2011, and because he refused to take a second confirmation test thereafter. Rodriguez maintains that he suffered an epileptic seizure (after being refused access to his epilepsy medication and water for over 2 hours prior to the Breathalyzer test), which rendered him unable to take the confirmation test. Rodriguez claims he was discriminated against because of his epilepsy.

## THE DISPUTED ITEMS

Specifically, JetBlue requests that the court order Rodriguez to:

1. Produce his tax returns from 2011 to the present, as well as documents evidencing his income for 2013;

2. Disclose the name of the cell phone provider he was using on October 12 and 13, 2011;

3. Disclose the cell phone number he was using on October 12 and 13, 2011;

4. Produce a copy of his cell phone records for October 12 and 13, 2011;

5. Produce documents showing any personal bank account activity on October 12 and 13, 2011;

6. Produce statements showing his credit card usage on October 12 and 13, 2011; and,

7. Produce medical records from his primary care physician, Dr. Sukhvinder K. Gulati, from January 2008 to the present.

### A. Tax Returns and Medical Records (Items #1 and #7):

Rodriguez represents that the disputes regarding the tax returns and the medical records have been resolved. With regard to the tax returns, Rodriguez states that he has been unable to locate his 2011 and 2012 tax

returns, but that he "will execute an authorization to release for [sic] those tax returns." (Dkt. #38 at 2). Rodriguez also states that he has produced documents showing his income for 2012 and 2013, and that he will turn over his 2013 tax return once it is filed. (*Id.*)

With regard to the medical records, Rodriguez states that he is awaiting receipt of the records from his primary care physician. Rodriguez has submitted a copy of a letter to his primary care physician, dated January 24, 2014, referencing an executed Authorization for Release of Medical Records. (Dkt. #38-1). Rodriguez states that, "[o]nce he has received those documents, he will produce them to defendant." (Dkt. #38 at 5).

Consequently, the court considers JetBlue's requests #1 and #7, as set out above, to have been resolved by the parties.

**B. Phone Records and Financial Statements (Items #2 - #6):**

Rodriguez objects to these requests "based on confidentiality." (Dkt. #38 at 3). He asserts that these requests are "intended to harass" and "will not lead to any evidence of whether or not Mr. Rodriguez was terminated in violation of [FMLA] and the [ADA]." (Dkt. #38 at 1). JetBlue argues that

3

Rodriguez "has squarely placed his whereabouts and activities on October 12, 2011 and October 13, 2011 at issue." (Dkt. #35 at 14).

The court agrees with JetBlue.  In his Complaint, Rodriguez specifically alleges that he returned to his hotel room between 9:00 PM and 10:00 PM on October 12, 2011, and that he was in bed by 10:00 PM. (Compl. ¶ 17).  Rodriguez also alleges that he did not consume any alcohol after 8:30 PM in the evening. (Compl. ¶ 18).  Further, while the focus of Rodriguez's claim against JetBlue may be the events of the morning of October 13, 2011, the issue of whether Rodriguez was or was not intoxicated in violation of JetBlue's employee policies is potentially relevant to one or more of JetBlue's defenses in this action.  The requests for Rodriguez's phone records and transaction records for the limited time period in question are, in the judgment of the court, "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  Rodriguez is therefore ordered to produce a copy of his cellular phone records for October 12 and 13, 2011.

Rodriguez is also ordered to provide copies of bank account and credit card statements listing account activity and usage between October 12, 2011 at 5:00 PM and October 13, 2011 at 7:00 AM, redacted to exclude personal

identifying information (bank account and credit card numbers and social security numbers).

If Rodriguez does not currently possess these records, he will request them from his cell phone provider(s) or financial institution(s), or provide the requested account and institutional information to JetBlue for the purpose of issuing a subpoena for the dates and time period authorized.

## ORDER

Defendant's motion to compel plaintiff's production of discovery is hereby <u>GRANTED IN PART</u> and deemed moot in part.  Within thirty (30) days of this order, Rodriguez shall produce the phone records and financial records as described above, or, in the alternative, shall make the disclosures regarding his account information, as described above.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE